Larkin, J.
The appellant was cited for a civil motor vehicle infraction alleging that he had exceeded relevant speed limits while operating his motor vehicle on a public way in Otis, Massachusetts. An initial hearing was held before an Assistant Clerk-Magistrate of the Southern Berkshire Division. Appellant was found responsible and assessed a penalty of $50.00. He then appealed this result to a judge of the Trial Court (District Court Department) at which hearing the determination of the Assistant Clerk-Magistrate was upheld.. He appeals now to the Appellate Division.
On appeal, as bélow, appellant challenges the sufficiency of the evidence to support the speeding determination. His formulation of the “issues” for appeal essentially is premised on a misconceived view that the fact finders below had been “required” to accept the radar-generated testimony as supplied and articulated by the testifying police officer. His attack on the radar evidence is that deficiencies in the testing and calibrations of the instrument should have rendered this evidence per se inadmissible. The short answer to this approach is that the fact finders were not required to accept this evidence. However, the radar testimony was clearly sufficiently competent, probative and unflawed that it was within the discretion of the fact finders to accept such evidence and ground the determination ultimately derived. Essentially the issue here, properly resolved against the appellant, was the classic evidentiary issue of “weight” as opposed to “admissibility.”
However, quite apart from the putative probative value of the challenged radar evidence there was the additional eye-witness observation testimony of the police officer who stopped the appellant’s vehicle and issued the speeding citation. At the hearing before the Appellate Division — as below — the officer indicated that she had the time and opportunity, as well as the background and expertise, to make a personal visual determination that the appellant was clearly exceeding the speed limit. It is clear that this personal visual observation, and the officer’s resultant oral testimony at the hearing — was sufficient to ground the determination of both the Assistant Clerk-Magistrate or the trial judge. Accordingly, this is patently not a case where the findings below are either clearly erroneous or devoid of substantial evidence. Most significantly, this is assuredly not a case where we are left with the firm and unmistakable impression that a mistake has been made below.
Accordingly, the Appellate Division finding no prejudicial error, the determination of responsibility made below is affirmed and the appeal is dismissed. It is so ordered.